**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**CASE NO. 25-14234-HH**

**LANA PATRICK,**

District Court Docket No.
8:25-cv-001690-WFJ-TGW

Appellant,

**v.**

**MIKE FASANO, as
Pasco County Tax Collector,**

Appellee.

_____/

**DEFENDANT MIKE FASANO,
AS PASCO COUNTY TAX COLLECTOR's,
MOTION FOR SANCTIONS PURSUANT TO
<u>FEDERAL RULE OF APPELLATE PROCEDURE 38</u>**

Pursuant to Federal Rule of Appellate Procedure 38, Appellee, Mike Fasano, as Pasco County Tax Collector ("Tax Collector"), moves the court to enter an order awarding sanctions against Appellant, Lana Patrick ("Patrick"). Rule 38 sanctions are warranted because all of Patrick's claims, in both the district court below and this court, as well as other cases, are frivolous and without merit.

1

## Certificate of Interested Persons
## and Corporate Disclosure Statement

No. 25-14234-HH Patrick v. Fasano, as Tax Collector.  The undersigned counsel for appellee, Mike Fasano, as Pasco County Tax Collector, pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, hereby certify that the following is a complete alphabetical listing of the trial judges, attorneys, persons, firms, partnerships, corporations and/or other entities with an interest in the outcome of this case:

**Fasano, Mike,** as Tax Collector of Pasco County, defendant/appellee

**Frederick T. Reeves, P.A.,** law firm of counsel for defendant/appellee Mike Fasano, as Pasco County Tax Collector.

**Jung, William F.,** United States District Judge, Middle District of Florida, Tampa Division

**Patrick, Lana,** *pro se* plaintiff/appellant

**Reeves, Frederick T.,** counsel for defendant/appellee Mike Fasano, as Pasco County Tax Collector.

**Wilson, Thomas G.,** United States Magistrate Judge, Middle District of Florida, Tampa Division

**Procedural Background**

The case below (and this appeal) is Patrick's second attempt to challenge the policy of the Tax Collector which prohibits journalists, including "citizen journalists" like Patrick, from video recording in the Tax Collector's offices without prior approval. Despite Patrick's unsuccessful attempt to challenge the Tax Collector's policy in a previous case, she filed the action below challenging the same policy[1].

As found in the district court's Order (Doc. 12) below: In 2024, Patrick sued an employee of the Pasco County Tax Collector's office (Lisa McGuire), together with two officers of the Dade City Police Department-Sergeant Shireman and Captain Rowe. *Patrick v. McGuire*, No. 8:24-cv-999-MSS-NHA.  She alleged civil rights violations under 42 U.S.C. § 1983 arising from a May 2023 incident when she entered the Pasco County Tax Collector's office and began video recording. *Id.* at Dkt. 1-2 ¶ 6.  Patrick was given a copy of the office policy against video recording and asked to stop. *Id.* at Dkt. 1-2 ¶ 8.  When Patrick refused, the police "unlawfully trespassed her from a public building." *Id.* at Dkt. 1-2 at 2–3.  In addition to an

---

[1] *See also Patrick v. Graham, et al.,* No. 3-24-cv-580-WWB-SJH (M.D. Fla. Nov. 20, 2024) (Patrick with similar litigation regarding Duval County School Board), *report and recommendation adopted,* 2025 WL 1262948 (M.D. Fla. Mar. 12, 2025), appeal pending, No. 25-10895-G (11th Cir. 2025); *Patrick v. Maertz, et al.,* No. 3-24-cv-197-WWB-MCR, 2024 WL 4980999 (M.D. Fla. Oct. 4, 2024),  *report and recommendation adopted,* 2024 WL 4979191 (M.D. Fla. Dec. 4, 2024) (Patrick with similar ligitation regarding Clay County Utility Department).

unlawful trespass claim, she raised First Amendment retaliation, Fourth Amendment violations by threatening to arrest Plaintiff if she failed to provide identification, and a Fourteenth Amendment due process claim for taking her liberty interest in public property. *Id*. at Dkt. 1-2 at 3.

The facts are set forth and analyzed in *Patrick v. McGuire*, No. 8:24-cv-999-MSS-NHA, 2024 WL 4803212, at *1–2 (M.D. Fla. Nov. 15, 2024) ("*Patrick I*"). There, Defendants, including the Tax Collector Defendants, moved to dismiss. The district court granted dismissal with prejudice in a thorough and well-reasoned order. *Patrick I*, 2024 WL 4803212, at *8. ***No further amendments were permitted as any such attempt would be futile.  Id.*[2]**  Seven months later, Patrick filed the action below which is the subject of this appeal.

## The present appeal

In the ***second***, bare-bones complaint below, Patrick again alleges that she is an independent "Journalist/Activist." (Doc. 1 at 1, ¶ 1) She names one Defendant: Mike Fasano as the elected Pasco County Tax Collector. ( Doc. 1 at 1 ¶ 2) Ms. Patrick again sought $100,000 in punitive damages. ( D o c . 1  a t  1 , ¶ 10) She additionally asks that the office policy be removed as an unconstitutional prior restraint. *Id.*

---

[2] *Patrick I'*s appeal to the Eleventh Circuit has essentially been dismissed for failure to prosecute. *Patrick v. McGuire,* No. 24-14001-H (11th Cir. 2024) at Dkts. 8, 20, 22.

Patrick alleges that the Tax Collector "has put into place a policy that violates my right of access to gather information" under the First Amendment. (Doc. 1 at1 ¶ 3) The complaint claims that "for years now the Pasco County tax collector has denied citizen journalists the ability to enter the publicly accessible areas of its offices if we are audio/video recording." *Id.* ¶ 4. As alleged in the prior complaint in *Patrick I*, Patrick alleges in the complaint below that journalists-activists have been "unlawfully trespassed, detained and identified under this policy." *Id.* ¶ 5.

Patrick also states that the Tax Collector operates "under the mistaken assumption that gathering content is an expressive act and regulated by the forum doctrine." *Id.* ¶ 6. She raised "sunshine law obligations" and the Tax Collector's mistaken assumption that the Tax Collector "can declare an expectation of privacy in an area with 20–50 strangers elbow to elbow." *Id.* ¶¶ 7, 8. The complaint contained no dates, times, or names of any individuals, nor any specific occurrence. *Id.* ¶¶ 3–9. It is undisputed that the Tax Collector's policy was unchanged and remained the same at the time the complaint below was filed as it was in May 2023, the time of the specific incident in *Patrick I*. (Doc. 7 at 2).

In response to the complaint below, the Tax Collector timely filed a motion to dismiss (Doc. 7). The Tax Collector requested dismissal of the complaint based on failure to state a claim under (1) the First Amendment, including expressive acts and forum analysis, (2) Florida's Sunshine Law, (3) any type of privacy analysis, (4) *res*

*judicata* and (5) Article III standing. *Id.* The Tax Collector also challenged Patrick's prior restraint claim in its Reply (Doc. 10).

On November 25, 2026, the district court below entered the Order granting the Tax Collector's motion to dismiss. (Doc. 12) In the Order, as in *Patrick I,* the district court dismissed Patrick's First Amendment claims on the merits for the same reasons the court in *Patrick I* did: that Patrick's First Amendment/expressive act/forum claims were contrary to established law (Doc. 12 at 5-6; *Patrick I*) The district court also ruled that Florida's Sunshine Law was inapplicable to Patrick's claims (Doc. 12 at 6); that *res judicata* prevented Patrick from bringing the claims in the complaint (Doc. 12 at 7-9); and that Patrick's prior restraint claims lacked merit based on established law (Doc. 12 at 9-10).

The district court concluded in the Order (emphasis supplied):

> Accordingly, Defendant's motion to dismiss (Dkt. 7) is granted. ***Because any amendment would be futile, this case is dismissed with prejudice***. The Clerk is directed to close the case.

Order (Doc. 12 at 10).

After entry of the Order, Patrick filed a Notice of Appeal in the district court. (Doc. 15). Patrick appeals the Order dismissing her complaint with prejudice (Doc. 12). However, her substantive arguments on appeal are the same as they were in the district court below and in *Patrick I. See* Appellant's Brief. Patrick continues to argue on appeal that she is entitled to relief under First Amendment/expressive

6

act/forum analysis and prior restraint arguments. *Id.* She also argues that *res judicata* doesn't apply and that she was entitled to amend. *Id.*

### Argument

Federal Rule of Appellate Procedure 38 authorizes an appellate court to award damages and double the costs to the Appellee:

> If a Court of Appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the Court and reasonable opportunity to respond, award just damages and single or double costs to the Appellee.

Fed. R. App. P. 38. This Court has awarded as sanctions reasonable attorney's fees and double costs when a party ignored governing law and relied on "clearly frivolous" arguments. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018).

"This Court may impose sanctions under Rule 38 against a party who 'raises clearly frivolous claims in the face of established law and clear facts.'" *Wright v. Branch Banking and Trust Co.*, 857 Fed. Appx. 1009, 1016 (11th Cir. 2021) (quoting *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1362, 1372 (11th Cir. 2016) (quotation omitted)). "A claim is clearly frivolous if it is utterly devoid of merit." *Wright*, 857 Fed. Appx. at 1016; *In re Wizenberg*, 838 Fed. Appx. 406, 415 (11th Cir. 2020). This Court has awarded just damages and costs against *pro se* appellants who raise "patently frivolous" arguments. *Swanson v. United States*, 799 Fed. Appx. 668 (11th Cir. 2020); *Watkins v. Capital City Bank & Guaranty*, 859 Fed. Appx. 553 (11th Cir. 2021); *Waters v. Commissioner*, 764 F.2d 1389 (11th Cir. 1985).

*Pollard v. Commissioner,* 816 F.2d 603 (11th Cir. 1987), is instructive. In *Pollard,* Pollard, the *pro se* appellant, filed a petition with the United States Tax Court alleging jurisdictional matters and claiming that "…the Sixteenth Amendment to the Constitution of the United States was fraudulently adopted." 816 F.2d at 604. Pollard sought injunctive relief against the Commissioner of the Internal Revenue Service ("IRS") and an order for the Commissioner to cease and desist from further action against him. *Id.* The Tax Court dismissed Pollard's petition, finding the claims were frivolous, that Pollard had previously filed frivolous claims, and that the claims were being interposed for delay. *Id.*

In ruling that Rule 38 sanctions could be awarded against Pollard, this court ruled in part that "(h)ere we find that Pollard's arguments now made were raised and rejected as frivolous in *Stubbs* [a previous court case]." 816 F.2d at 605. This court went on to award Rule 38 sanctions. *Id. See also King v. United States,* 789 F.2d 883, 884 (11th Cir. 1986) (awarding Rule 38 sanctions and finding that "(t)he arguments which [appellant] makes in order to skirt this issue have been asserted to this court numerous times and have been declared by this court to be frivolous").

Similar to *Pollard, King,* and the other cases cited above, Patrick's arguments are "patently frivolous" and without legal merit. Patrick has consistently argued in the district court and this court that she is entitled to relief on spurious First Amendment grounds, privacy grounds unknown to the law, meritless "unlawful

8

trespass" claims, and other grounds unsupported by a scintilla of legal authority. Not only have Patrick's claims been refuted and dismissed in *Patrick I* and the district court below, but also in other cases: *Patrick v. Graham, et al.,* No. 3-24-cv-580-WWB-SJH (M.D. Fla. Nov. 20, 2024) (similar litigation brought by Patrick regarding Duval County School Board), *report and recommendation adopted,* 2025 WL 1262948 (M.D. Fla. Mar. 12, 2025), appeal pending, No. 25-10895-G (11th Cir. 2025); *Patrick v. Maertz, et al.,* No. 3-24-cv-197-WWB-MCR, 2024 WL 4980999 (M.D. Fla. Oct. 4, 2024), *report and recommendation adopted,* 2024 WL 4979191 (M.D. Fla. Dec. 4, 2024) (similar litigation brought by Patrick regarding Clay County Utility Department).

The district court below dismissed Patrick's arguments ***twice*** in cases Patrick brought against the Tax Collector, and at least twice in cases brought by Patrick against the Duval County School Board and the Clay County Utility Department. In ***both*** *Patrick I* and the instant order on appeal (Doc. 12), the district court dismissed Patrick's complaints with prejudice, finding amendment would be futile. In both Tax Collector cases, the same nucleus of operative fact existed[3] (essentially, the same facts) and the same claims were pled by Patrick or were available to her. Clearly, Patrick was put on notice that her claims were frivolous and utterly devoid of merit

---

[3] A nucleus of operative fact means that "the same facts are involved in both cases, so that the present claim could have been effectively adjudicated in the prior one." *Rodemaker v. City of Valdosta Bd. Of Educ.,* 110 F.4th 1318, 1330 (11th Cir. 2024)

by two district court judges (in her cases against the Tax Collector) dismissing her complaints with prejudice because any attempted amendments would be futile.

Despite the district courts' rulings in Tax Collector cases, not once but twice, that Patrick's claims were frivolous and utterly devoid of merit, Patrick still filed an appeal in this court (Doc. 15) and continues to make the same substantive arguments under the First Amendment and related to prior restraint. *See* Appellant's Brief.

This case is similar to *Waters v. Commissioner*, 764 F.2d 1389 (11th Cir. 1985): Patrick's arguments are in direct conflict with well-established law, the district court in the ***two*** Tax Collector cases informed Pattrick that her claims were meritless, and the district court ***in both cases*** informed Patrick of the precise legal grounds under which her claims were barred. 764 F.2d at 1390. As a result, this court should determine that Patrick's appeal is frivolous pursuant to Federal Rule of Appellate Procedure 38. *See Wright,* 857 Fed. Appx. At 1016; *Waters,* 764 F.2d at 1390.

### Conclusion

Patrick has burdened this court and the Tax Collector with this frivolous appeal. The Tax Collector respectfully requests that the court enter an order sanctioning Patrick and awarding the Tax Collector costs and attorney's fees as allowed by Rule 38 and incurred in responding to this appeal and in filing this motion, and such other relief as this court deems just and proper.  The Tax Collector will submit his costs and fees to the court upon request.

Respectfully submitted,

*/s/ Frederick T. Reeves*
Frederick T. Reeves, Esq.
Fla. Bar No. 499234
Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile (727) 844-3114
freeves@tbaylaw.com
vicki@tbaylaw.com

Attorneys for Appellee, Mike Fasano,
as Pasco County Tax Collector

## **Fed. R. App. P. 32(g)(1) Certificate of Compliance**

1.      This document complies with the type-volume limit of Fed. R. App. P. 27 (d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), because this document contains 2,489 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using **Microsoft Word** in **Times New Roman, 14-point type.**

*/s/ Frederick T. Reeves*
Frederick T. Reeves, Esquire

11

## **Certificate of Service**

**I HEREBY CERTIFY** that, on February 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy by e-mail, to and on Lana Patrick, *pro se,* 9378 Arlington Expy., PMB 204, Jacksonville, Florida 32225 (tehjtownpress@gmail.com).

*/s/ Frederick T. Reeves*
Frederick T. Reeves, Esquire
