# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**APPEAL NO. 25-14234**

Lana Patrick
*Appellant* (Pro Se)

v.

Mike Fasano, as the Pasco County Tax Collector,
*Appellee*.

Appeal from the United States District Court for the
Middle District of Florida, Tampa Division
District Court Case No.: 8:25-cv-01690-WFJ-TGW

REPLY BRIEF OF APPELLANT
LANA PATRICK, PRO SE

**Lana Patrick Pro Se**

9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
thejtownpress@gmail.com
(904)-524-6030

# Table of Contents

Table of Contents..................................................................................  i

Table of Authorities............................................................................  ii

Introduction........................................................................................  1

    1. RES JUDICATA DOES NOT BAR THIS ACTION......................  2
    2. APPELLEE'S "NO FACIAL CHALLENGE / WAIVER"
       ARGUMENT FAILS.................................................................  5
    3. DISMISSAL WITH PREJUDICE WITHOUT LEAVE TO AMEND
       WAS REVERSIBLE ERROR......................................................  6
    4. THE DISTRICT COURT COULD NOT "ADOPT" PATRICK I IN
       LIEU OF INDEPENDENT FIRST AMENDMENT ANALYSIS....  7
    5. SHEETS v. CITY OF PUNTA GORDA DOES NOT DEFEAT
       APPELLANT'S PRIOR-RESTRAINT AND FIRST AMENDMENT
       CLAIM......................................................................................  8

Conclusion..........................................................................................  11

Certificate of Interested Persons.......................................................  12

Certificate of Compliance..................................................................  13

Certificate of Service.........................................................................  13

# Table of Authorities

**Case Law:**                                                              **Page(s)**

Access Now, Inc. v. Sw. Airlines Co.
    385 F.3d 1324, 1331 (11th Cir. 2004)...................... 5

Asay v. State
    662 F. App'x 750, 757 (11th Cir. 2016)...................... 9

Bank v. Pitt
    928 F.2d 1108, 1112 (11th Cir. 1991).......................... 6

Christiansburg Garment Co. v. EEOC
    434 U.S. 412, 421 (1978).............................................. 11

Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.
    473 U.S. 788, 797 (1985).............................................. 7

Erickson v. Pardus
    551 U.S. 89, 94 (2007)................................................... 5

Ex parte Young
    209 U.S. 123, 159–60 (1908)........................................ 3

Glasser v. Hilton Grand Vacations Co.
    948 F.3d 1301, 1310–11 (11th Cir. 2020)..................... 1

Haines v. Kerner
    404 U.S. 519, 520 (1972).............................................. 5

Hall v. Merola
    67 F.4th 1282, 1287 (11th Cir. 2023)............................ 6

Kizzire v. Baptist Health Sys., Inc.
    441 F.3d 1306, 1308 (11th Cir. 2006)........................... 1

**Case Law (cont.)**                                      **Page(s)**

Lawson v. Shelby Cnty., Tenn.
     901 F.3d 779, 790 (6th Cir. 2018)................................ 1

Lobo v. Celebrity Cruises, Inc.
     704 F.3d 882 (11th Cir. 2013)...................................... 3

Lussier v. Dugger
     904 F.2d 661 (11th Cir. 1990)...................................... 3

Manning v. City of Auburn
     953 F.2d 1355 (11th Cir. 1992).................................... 4

McDonough v. Garcia
     116 F.4th 1319, 1325 (11th Cir. 2024)......................... 2

Milner Baptist Health Montgomery
     132 F.4th 1354 (11th Cir. 2025).................................. 2, 3

NAACP v. Hunt
     891 F.2d 1555 (11th Cir. 1990).................................... 2

Polelle v. Fla. Sec'y of State
     131 F.4th at 1201 (11th Cir. 2025).............................. 5

Polelle v. Fla. Sec'y of State
     131 F.4th at 1207 (11th Cir. 2025).............................. 8

Rodemaker v. City of Valdosta Board of Education
     110 F.4th 1318 (11th Cir. 2024).................................. 2, 3

Smith v. City of Cumming
     212 F.3d 1332, 1333 (11th Cir. 2000).......................... 9

Taylor v. Sturgell
     553 U.S. 880, 894 n.6 (2008)....................................... 2, 3

Trump v. Clinton
     161 F.4th 671 (11th Cir. 2025).................................... 5

Turner Broad. Sys. v. FCC
     512 U.S. 622, 641–42 (1994)....................................... 9

TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.
     959 F.3d 1318, 1321 (11th Cir. 2020).......................... 3

United States v. Am. Library Ass'n
     539 U.S. 194, 215 (2003)............................................. 7

**Florida Constitution**

Article VIII, §1(d)
 (tax collectors as elected constitutional officers with
 powers "prescribed by law"); AGO 78-135 (1978)........    11

# I. INTRODUCTION

Appellee's brief asks this Court to affirm solely by extending *Patrick I* through claim preclusion and waiver, and by treating the challenged "no recording without consent" restriction as already validated by *Sheets v. City of Punta Gorda*. But Appellee's approach still does not cure the dispositive errors below: (1) the district court applied res judicata without a proper "same party / privity" analysis for an elected final policymaker sued for prospective relief; (2) the district court dismissed with prejudice without giving a pro se litigant a meaningful opportunity to amend; (3) the district court did not independently analyze the constitutionality of an ongoing restriction; and (4) the Sheets analogy does not resolve—and cannot "waive away"—the constitutional questions presented here.

All issues here—res judicata, Rule 12(b)(6) dismissal, denial of amendment, and First Amendment merits—are reviewed de novo. See *Kizzire v. Baptist Health Sys.*, Inc., 441 F.3d 1306, 1308 (11th Cir. 2006). Where review is de novo, reasonable disagreement exists, precluding affirmance or sanctions. *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1310–11 (11th Cir. 2020).

This Reply responds directly to each of Appellee's numbered arguments and demonstrates why reversal (or at minimum vacatur and remand with leave to amend) is required.

1

## II. RES JUDICATA DOES NOT BAR THIS ACTION

**A. Appellee's "privity" theory is over broad and does not fit this case.** Appellee relies primarily on *Rodemaker v. City of Valdosta Board of Education*, 110 F.4th 1318 (11th Cir. 2024), *Milner Baptist Health Montgomery*, 132 F.4th 1354 (11th Cir. 2025), and *NAACP v. Hunt*, 891 F.2d 1555 (11th Cir. 1990), to argue that an office manager (McGuire) and the elected Tax Collector (Fasano) are necessarily in privity. Appellee Br. at 10–12. That reading goes too far.

Privity is not an automatic consequence of being coworkers in the same office. The Supreme Court has rejected "virtual representation" and requires a recognized substantive legal relationship or circumstances that justify binding a nonparty. *Taylor v. Sturgell*, 553 U.S. 880, **894 n.6** (2008). Appellee's argument collapses the distinction between (1) a prior suit against a staff employee for a specific incident and (2) a subsequent suit targeting a continuing, office-wide policy attributable to the final policymaker. This Court should not adopt a privity rule so broad that a judgment involving a single employee would permanently immunize an elected constitutional officer from prospective constitutional review of an ongoing restriction. See *McDonough v. Garcia*, 116 F.4th 1319, 1325 (11th Cir. 2024) (limiting privity to "substantive legal relationships," not mere agency without control; cited in Appellee Br. at 18).

*Rodemaker* involved school board members who "controlled the Board" and whose actions were legally the Board's actions. 110 F.4th at 1328. That is not this case. Appellee has not shown that McGuire "controlled" Fasano, or that McGuire's actions were legally Fasano's actions in the same way. *Milner* similarly required showing the prior defendant's actions were "legally attributable" to the successor, 132 F.4th at 1360—not mere office overlap. The elected Tax Collector is the final decisionmaker for office policy; an office manager is not. Treating them as interchangeable for preclusion purposes is precisely the kind of "near identity" shortcut *Taylor* warns against. For prospective relief against officials enforcing unconstitutional policies, *see Ex parte Young*, 209 U.S. 123, 159–60 (1908) (official-capacity suits focus on ongoing violations, not binding subordinates).

**B. The "same nucleus of operative fact" analysis is different when the claim targets ongoing restrictions and prospective relief.**

Appellee argues that because both cases concern "the legality of the policy," any later suit is barred. Appellee Br. at 12–15 (citing TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1321 (11th Cir. 2020); Lobo v. Celebrity Cruises, Inc., 704 F.3d 882 (11th Cir. 2013)). But the operative facts for a continuing, still-in-force restriction are not frozen in time at the first lawsuit. The constitutional injury here is continuing: Appellant alleges an ongoing restriction that continues to deter and burden protected newsgathering activity. That ongoing effect is a distinct present injury even if a past incident was litigated before. See

3

*Lawson v. Shelby Cnty., Tenn.*, 901 F.3d 779, 790 (6th Cir. 2018) (continuing §1983 violations create "fresh" claims for injunctive relief; cited approvingly in 11th Cir. cases).

Appellee also argues that Appellant "could have" sought injunctive relief in *Patrick I*, therefore any request for prospective relief now is barred. Appellee Br. at 14–15. That does not eliminate the district court's duty to analyze whether res judicata truly applies to this defendant and this posture. Moreover, even if some aspects overlap, the proper remedy is not automatic dismissal with prejudice without leave to amend—especially where the pleadings could be clarified to specify post-judgment or post-filing continuing injuries, new encounters, or narrowed prospective relief. At minimum, the leave-to-amend issue defeats affirmance on a with-prejudice dismissal.

**C. Appellee's attack on Appellant's "ongoing harm" argument misreads what Appellant relies on and does not establish frivolity.**

Appellee criticizes Appellant's reference to *Manning v. City of Auburn*, 953 F.2d 1355 (11th Cir. 1992), arguing it is not a statute-of-limitations case and merely discusses supplemental pleadings. Appellee Br. at 13–14. Even accepting Appellee's reading, the point remains: continuing enforcement can be pled (via amendment or supplement) to address later-occurring or continuing facts. Manning, 953 F.2d at 1361–62 (allowing supplementation for "continuing violations" in civil rights suits). The district court's with-prejudice dismissal cut off

4

that possibility. Appellee's argument therefore reinforces why remand with leave to amend is necessary rather than supporting sanctions or summary affirmance. Appellee's own cite to *Lussier v. Dugger*, 904 F.2d 661 (11th Cir. 1990), underscores this: One-off denials differ from ongoing policies. Appellee Br. at 13.

**III. APPELLEE'S "NO FACIAL CHALLENGE / WAIVER" ARGUMENT FAILS**

**A. The complaint fairly presented a challenge to the policy itself and sought prospective relief.**

Appellee argues Appellant "did not plead a facial challenge" and therefore "waived" the argument. Appellee Br. at 11–13 (citing *Trump v. Clinton*, 161 F.4th 671 (11th Cir. 2025); *Polelle v. Fla. Sec'y of State*, 131 F.4th 1201 (11th Cir. 2025)). But waiver is not a magic word that substitutes for analysis—especially for pro se pleadings. Courts must construe pro se allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se filings "held to less stringent standards"). Where the complaint attacks the policy's constitutionality and seeks court intervention against that policy, it presents the substance of a facial (or at least policy-level) challenge even if it does not use the word "facial" as a label. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (substance over labels in constitutional challenges).

At minimum, if the district court thought the pleading was unclear, the remedy was leave to amend—not dismissal with prejudice. Appellee's waiver argument cannot justify affirming a with-prejudice dismissal that denied any chance to clarify pleading theory.

**B. Purely legal arguments supporting reversal may be considered to prevent manifest injustice.**

Appellee's waiver cases do not establish an absolute bar. This Court has discretion to consider purely legal arguments where the issue is fully briefed and necessary to prevent manifest injustice. *Trump*, 161 F.4th at **687** (discretion for legal issues to avoid injustice). And here Appellee had full opportunity to respond in its brief. In any event, the core issue—whether res judicata and the First Amendment analysis were applied correctly—is a legal question squarely presented by the judgment itself.

**IV. DISMISSAL WITH PREJUDICE WITHOUT LEAVE TO AMEND WAS REVERSIBLE ERROR**

Appellee contends amendment would be futile. Appellee Br. at 16–17. But for pro se litigants, dismissal with prejudice without a meaningful chance to amend is disfavored. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Futility must be clear beyond doubt. *Hall v. Merola*, 67 F.4th 1282, 1287 (11th Cir. 2023) (pro se entitled to "at least one meaningful chance"; cited in Appellee Br. at 6, 16). Here, amendment could (at minimum) clarify: (1) that Appellant challenges the policy

itself; (2) that Appellant continues to face deterrence and restriction; (3) the precise relief sought; and (4) additional facts showing ongoing enforcement and chilled newsgathering. Appellee's futility argument rests on the same merits assumptions under review on appeal, so it cannot support a with-prejudice dismissal at the pleading stage.

## V. THE DISTRICT COURT COULD NOT "ADOPT" PATRICK I IN LIEU OF INDEPENDENT FIRST AMENDMENT ANALYSIS

Appellee argues the district court was "entitled, if not required," to adopt the "detailed and scholarly" analysis in *Patrick I*. Appellee Br. at 17–21. That is incorrect. Courts decide the case before them. Even where a prior opinion is persuasive, the court must still apply the proper constitutional framework to the current pleadings, parties, posture, and requested relief. *United States v. Am. Library Ass'n*, 539 U.S. 194, **215** (2003) (plurality) (independent forum classification required). This is especially true where the claim is framed as a policy-level challenge against the final policymaker and seeks prospective relief. The district court's reliance on a prior case cannot substitute for the required analysis of whether the restriction is reasonable and viewpoint neutral in the relevant forum. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985).

# VI. SHEETS v. CITY OF PUNTA GORDA DOES NOT DEFEAT APPELLANT'S PRIOR-RESTRAINT AND FIRST AMENDMENT CLAIMS

**A. The "waiver" argument about Sheets should be rejected.**

Appellee argues Appellant waived any challenge to the district court's reliance on *Sheets* by not raising certain distinctions below. Appellee Br. at 21–23. But Appellant is challenging the correctness of the district court's legal reasoning. When the district court relies on a case to deny a constitutional claim at the pleading stage, an appellant may argue on appeal that the reliance was misplaced or legally distinguishable. That is not a new "claim"; it is an argument that the legal basis for dismissal was wrong. *Polelle*, 131 F.4th at **1207** (reviewing misapplied precedents de novo).

**B. Sheets involved a municipal ordinance and a different enforcement theory; it does not automatically validate an agency "policy."**

In *Sheets*, the court addressed a duly enacted municipal ordinance and emphasized that the ordinance penalized refusals to stop recording or leave when recording disrupted the forum's purpose. 415 F. Supp. 3d at 1126. The district court here treated the Tax Collector's "policy" as "like the ordinance" and concluded it is not a prior restraint. Appellee Br. at 21–22. That shortcut is not sound at the pleading stage.

First, a prior restraint analysis turns on whether the government has imposed a

system of restraint in advance of expression, especially where the restraint operates as a consent-based permission requirement. A "no recording without consent" rule functions as an advance restraint on speech/newsgathering because it conditions the ability to record on approval of the subject. That is a classic hallmark of a prior restraint problem—regardless of whether the restraint is enacted as an "ordinance" or declared as "policy." Constitutional scrutiny does not turn on labels. *Turner Broad. Sys. v. FCC*, 512 U.S. 622, **641–42** (1994) (strict scrutiny for prior restraints on speech). The Eleventh Circuit recognizes a First Amendment right to record public officials performing duties. *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000); *Asay v. State*, 662 F. App'x 750, 757 (11th Cir. 2016).

Second, *Sheets* did not announce a categorical rule that any consent-based recording restriction in a government building is constitutional. The holding is context-driven (forum purpose, disruption, enforcement mechanism). At the pleading stage in this case, where Appellant challenges an office-wide policy that allegedly restricts protected activity, the district court was required to test whether the restriction is reasonable, viewpoint neutral, and not an overbroad prior restraint in the relevant forum. Reliance on an analogy to *Sheets* cannot substitute for that analysis.

Third, even accepting *Sheets* as persuasive, Appellee's brief concedes the "policy" is enforced by requiring consent and by removing/trespassing those who refuse. That makes the operative constitutional question whether the office may condition

9

newsgathering on the permission of the very officials being recorded. That question is not "resolved" by *Sheets*, and certainly not in a way that renders Appellant's claim frivolous or unreviewable.

**C. Appellee's "no authority requires policies like this to be adopted in any particular way" misses the point.**

Appellee closes by asserting it "could find no authority requiring policies like the Tax Collector's policy to be adopted in any particular way." Appellee Br. at 23. That argument is beside the constitutional point. Appellee could find no such authority because none exists under Florida law: A county tax collector has no rulemaking power—statutory or inherent—to enact a substantive "policy" that applies generally to the public, regulates behavior in tax collector offices, or limits constitutional rights like newsgathering and free speech. *See* Fla. Stat. §120.54(1)(e) ("No agency has inherent rulemaking authority, nor has any agency authority to establish penalties for violation of a rule unless the Legislature... expressly grants such authority"); *id.* §197.332 (duties of tax collectors limited to collecting taxes "as shown on the tax roll," establishing branch offices for that purpose, and related administrative functions—no grant of general regulatory or policy-making power over public conduct).

The First Amendment limits government action whether it arises from statute, ordinance, rule, or "policy." The question is not whether a policy was adopted through a particular administrative mechanism; the question is whether the policy, as enforced, violates constitutional protections for speech and newsgathering. A

policy can be unconstitutional even if no rulemaking statute applies—and here, the absence of any delegated authority renders the Tax Collector's restriction *ultra vires* (beyond legal power), *see* Fla. Const. art. VIII, §1(d) (tax collectors as elected constitutional officers with powers "prescribed by law"); AGO 78-135 (1978) (tax collectors lack of authority to establish non-statutory operations like branch offices without legislative grant). This lack of foundation heightens the need for independent judicial review, not deference to an unauthorized edict masquerading as policy.

## VII. CONCLUSION

For these reasons, Appellant respectfully requests that this Court **REVERSE** the dismissal and **REMAND** for further proceedings, or at minimum **VACATE** and **REMAND** with instructions to grant leave to amend. These non-frivolous issues—rooted in de novo review and pro se lenity—warrant no sanctions. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (cautioning against fee-shifting absent clear frivolity in civil rights cases).

Respectfully submitted,

/s/ Lana Patrick
Lana Patrick
Appellant, Pro Se
9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
thejtownpress@gmail.com

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

_____ *vs.* _____ Appeal No. _____

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. *(Please type or print legibly)*:

_____

_____

_____

_____

_____

_____

_____

_____

_____

Submitted by:
Signature: _____
Name: _____ Prisoner # (if applicable): _____
Address: _____
Telephone #: _____

Rev.: 2/23

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7) and the Eleventh Circuit's rules because it is prepared in 14-point Times New Roman and does not exceed the applicable word limit for a reply brief.

/s/ Lana Patrick
**LANA PATRICK**
9378 ARLINGTON EXPY
PMB 204
JACKSONVILLE, FL 32225
(904)-524-6030
THEJTOWNPRESS@GMAIL.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2026, I served a copy of this Reply Brief via CM/ECF and email on counsel for Appellee at freeves@tbaylaw.com.

/s/ Lana Patrick
**LANA PATRICK**
9378 ARLINGTON EXPY
PMB 204
JACKSONVILLE, FL 32225
(904)-524-6030
THEJTOWNPRESS@GMAIL.COM